UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

RONNIE EARL CROSBY                                                 PLAINTIFF

v.                                       CIVIL ACTION NO. 5:13CV-P118-R

MCCRACKEN COUNTY, KY.                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff Ronnie Earl Crosby filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff filed the complaint on a general complaint form naming "McCracken County, Ky." as the only Defendant. As grounds for filing this case in federal court, Plaintiff states that he has "served out a 14 month sentence now I face a year over an A.I. which I was released after 8 hours. It is destroying my income and a place to reside." For his statement of the claim, Plaintiff states as follows:

> After spend 14 months to get off Probation and serving out. Judge Hollowell and District Attorney after charged with an AI sent my case upper or to trail. My incarsiration has totally or will totally destroy my place of residence and my V.A. Pension. The charge they brought before me was supposely drop for a guilty plea on a 3rd D.U.I. I Ronnie E. Crosby petition for a motion of certarario.

As his prayer for relief, Plaintiff states, "A.I. is no violate crime and I would like to seek closure on my VA Pension."

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

Here, Plaintiff essentially requests this Court to stop the state-court criminal case against him for A.I., which the Court presumes is a charge of Alcohol Intoxication. The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*, 401 U.S. at 44). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

The state has an important interest in adjudicating the criminal case. In light of the available avenues through which to raise a constitutional challenge in the pending case, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court

relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. Therefore, *Younger* abstention is appropriate with respect to Plaintiff's complaint, and the action will be dismissed. *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

Moreover, to the extent that Plaintiff may have already been convicted of the charged crime, his claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), wherein the Supreme Court recognized that a plaintiff may not mount a constitutional challenge to his conviction or sentence if a ruling on his claim would necessarily render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff has not alleged that any conviction has been overturned or otherwise invalidated.

Furthermore, to the extent that Plaintiff seeks "closure on my VA Pension," this District Court does not have subject-matter jurisdiction over a claim concerning Veterans Administration benefits. "Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues." *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997). Therefore, Plaintiff's claim seeking action by this Court with respect to his VA benefits will be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
McCracken County Attorney
4413.010